**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CIVIL ACTION NO. 3:06CV-P32-H**

**BERNARD ANTHONY EDWARDS**                                               **PLAINTIFF**

**v.**

**JOHN DOE, JAILER**                                                                     **DEFENDANT**

**MEMORANDUM OPINION**

Unrepresented by counsel, Plaintiff Bernard Anthony Edwards filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(a), and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

**I. SUMMARY OF CLAIMS**

Edwards is currently incarcerated at the Little Sandy Correctional Complex, but the allegations in his complaint concern events which occurred during his incarceration at the Louisville Metro Department of Corrections ("Metro Corrections").[1] To this end, he sues the Jailer of Metro Corrections in his individual and official capacities and seeks monetary and punitive damages.

According to the complaint, on March 14, 2005, three of Edwards's fellow inmates (Troy Todd, Irvin Pruitt, and a third unidentified inmate) walked over to his "area" and stole property belonging to another inmate. When Edwards asked Todd and Pruitt not to steal the property, the two inmates became angry and threatened him.

---

[1] Edwards claims that he was assaulted while incarcerated at the "Jefferson County Jail." Since the merger of the Louisville and Jefferson County governments on January 6, 2003, *see* Official Guide to Louisville Metro Government at http://www.loukymetro.org, the Jefferson County Jail is now the Louisville Metro Department of Corrections.

On the following day, Edwards requested to see a caseworker, but his request was denied. On the advice of an unidentified officer, Edwards instead wrote a letter to the caseworker warning that he should not be left alone with inmate Todd.

Later that same day, an unidentified officer went to Edwards's dorm and advised inmate Todd to pack his property because he was being moved to another dorm. The guard then walked away from the cell allowing the three aforementioned inmates to "jump [] and beat" Edwards, who was knocking and banging on a window while unidentified officers stood by and did nothing. Following the incident, Edwards was taken to the hospital for treatment of facial lacerations and "damage" to his ear, lip and jaw. In addition to these injuries, several of Edwards's teeth were knocked out. An investigation ensued, and Edwards was found not guilty of provoking the incident, while the other three inmates were found guilty and placed in segregation.

As to whether he exhausted his administrative remedies, Edwards claims that there is no grievance procedure at Metro Corrections, but he reports writing a note to the jailer and to a caseworker "explaining the threat/Danger that was developing." Thereafter, an unidentified officer went to Edwards's cell and told inmate Todd to pack his property.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or

2

fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous under 28 U.S.C. § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

The Prison Litigation Reform Act of 1995 ("PLRA") established an administrative exhaustion requirement codified at 42 U.S.C. § 1997e(a). Section 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In enacting this provision, Congress imposed a prerequisite upon prisoners seeking to bring conditions-of-confinement claims under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies is now mandatory, rather than discretionary. *Id.*; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). "[T]he purpose of the exhaustion requirement is to provide states the first opportunity to resolve problems themselves, [and] an inmate who has not pursued available

administrative remedies may not yet proceed in federal court." *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003).

In the instant case, Edwards contends that the jail did not have a grievance mechanism. Contrary to this allegation, however, Metro Corrections *does* have an inmate grievance procedure in place. *See* Policy 11.14 (referencing 3-ALDF-3E-11, 501 KAR 3:140, Sec. 6).[2] And because Edwards did not utilize this mechanism, he has failed to exhaust available administrative remedies prior to filing this action. The fact that he may have sent notes to the jailer and a caseworker is insufficient to meet the exhaustion requirement as a prisoner must avail himself of the formal grievance process. *See generally Freeman v. Francis*, 196 F.3d 641, 644-45 (6th Cir. 1999); *see also Shephard v. Wilkinson*, No. 01-3665, 2001 WL 1563934, at *1 (6th Cir. Dec. 5, 2001) ("[A] prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); *Anderson v. Hamblen County Sheriff's Dep't*, No. 2:05-CV-53, 2005 WL 1266684, at *2 (E.D. Tenn. May 26, 2005) ("A verbal complaint to a prison official, which is made in lieu of utilizing an established grievance procedure, is insufficient to show administrative exhaustion of claims.").

Despite Edwards's failure to exhaust available administrative remedies, this Court may nevertheless "dismiss the underlying claim without first requiring the exhaustion of

---

[2] All inmates receive "a written copy and an oral explanation of the Grievance Procedure at Orientation." An inmate is first required to attempt to resolve a grievance informally. If the grievance is unable to be resolved informally, the inmate may submit a formal written grievance, first to the Shift Commander for review, then to the appropriate Divisional Director, next to the Lieutenant Colonel, and finally to the Chief/Director of Corrections. The grievance procedure imposes time limits for resolution at each stage of the process and allows for extensions of those time limits. Additionally, the grievance procedure provides that "[a]bsent an extension, expiration of response time limits entitles the inmate to move on to the next step in the review process."

administrative remedies" if the "claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2). This is such a case where exhaustion is not required as Edwards has failed to state a claim upon which relief may be granted.

### A. Individual capacity claim

In order to assert a cognizable § 1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how the defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how the defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).

Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendant and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id*. When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir.), *cert. denied*, 513 U.S. 873 (1994).

5

Edwards fails to allege any personal involvement by the jailer in the assault and fails to allege any causal connection between the jailer and any purported wrongdoing. To the extent he seeks to hold the jailer liable based on his supervisory position, the doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d at 421 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County, Ky.*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Edwards fails to demonstrate any facts showing that the jailer encouraged any specific incidents or implicitly authorized, approved or knowingly acquiesced to any unconstitutional conduct. The jailer's awareness of the incident, if any, is insufficient to

6

demonstrate liability. *Shehee v. Luttrell*, 199 F.3d at 300 (finding no supervisory liability where prisoner's "only allegations against [prison officials] involve their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior"); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("At best, she has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983."); *Davis v. Sapp*, No. 99-5769, 2000 WL 572067 (6th Cir. May 1, 2000) (finding no supervisory liability in a case in which it was alleged that defendants were aware of deficiencies in plaintiff's medical treatment but failed to intervene).

Because Edwards has demonstrated no connection between the jailer and the purported wrongdoing alleged in the complaint, the individual capacity claim against the jailer must be dismissed for failure to state a claim upon which relief may be granted.

### B. Official capacity claim

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, Edwards's claims against the jailer in his official capacity are actually brought against the Louisville Metro government.

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

7

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, Edwards has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. He describes only an isolated assault occurring in March 2005. Nothing in the complaint demonstrates that Edwards's injuries

occurred as a result of a policy or custom executed or endorsed by the Louisville Metro government. Accordingly, the complaint fails to establish a basis of liability against the municipality and therefore fails to state a cognizable § 1983 claim.

Consequently, the official capacity claim against the jailer must also be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a order consistent with this memorandum opinion.

Date:

cc: Plaintiff, *pro se*
 Defendant
 Jefferson County Attorney
4412.005